UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ARNOLD B. CURTIS**<br>    **LA. DOC #327401**<br>**VS.** | **CIVIL ACTION NO. 3:12-cv-1831**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **WARDEN JOHNNY SUMLIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

    Pro se petitioner Arnold B. Curtis, a prisoner in the custody of Louisiana's Department of Public Safety and Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on July 3, 2012. Petitioner attacks his 1995 conviction for distribution of cocaine and the hard labor sentence imposed thereon by Louisiana's Fourth Judicial District Court, Ouachita Parish, under Docket Number 95-F0171. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be deemed successive and **TRANSFERRED** to the United States Fifth Circuit Court of Appeals for further proceedings in accordance with the provisions of 28 U.S.C. §2244(b).

*Background*

    On December 23, 1998, petitioner filed a petition for *habeas corpus* seeking review of his distribution of cocaine conviction in the Fourth Judicial District Court under Docket Number 95-F0171. In support of his petition he argued that ineffective assistance of counsel caused him to enter an involuntary guilty plea. On August 18, 1999, United States Magistrate Judge Roy S.

Payne recommended dismissal with prejudice having found that petitioner "... failed to show that his counsel was deficient, and that this deficient performance caused Petitioner to plead guilty when he would have otherwise chosen to proceed to trial..." Petitioner objected; however, on November 8, 1999, United States District Judge Robert G. James rendered a judgment which concurred in the recommendation of the magistrate judge and which ordered dismissal of the petition with prejudice. On December 7, 1999, Judge James denied petitioner's request for a Certificate of Appealability (COA) and, on April 11, 2000, the United States Fifth Circuit Court of Appeals denied his request for COA. *See Arnold Bennett Curtis v. Warden*, Civil Action No. 3:98-cv-2416 at Docs. 1 (petition); 13 (Report and Recommendation); 16 (Objection); 17 (Judgment); 19 (Denial of COA in District Court); and 20 (Judgment of the United States Fifth Circuit Court of Appeal, No. 99-31316).

As noted above, petitioner filed the instant petition on July 3, 2012. He attacks the same convictions under Docket Number 95-F0171 of the Fourth Judicial District Court this time arguing three claims –

(1) "I tried to withdraw my guilty plea before sentencing to hire paid counseling [sic]. Wasn't a factual basics [sic] established for accepting my guilty plea and I advised Judge that I was pleading guilty because I had no other choice but to plead guilty. The judge should have informed me that I had the right to go to trial by Judge or Jury." [Doc. 1, p. 5] and,

(2) "Double Jeopardy – I was charged with 2 counts of Distribution of Cocaine in violation of L.R.S. 40:967(A) stemming from the same act and evidence test." [Id., p. 7], and,

(3) "Excessive sentence ..." [Id., pp. 8-9]

*Law and Analysis*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." A *habeas corpus* petition is not second or successive simply because it follows an earlier federal petition. *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998). However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.* Furthermore, the Fifth Circuit has determined that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. §2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir.1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Under this approach, the key issue is whether or not the first petition was adjudicated on the merits. Petitioner's first petition for habeas corpus was adjudicated on the merits and dismissed with prejudice. The claims raised in the instant petition could have been raised in the earlier petition. In other words, this petition is clearly successive.

Before a *habeas* petitioner may file a second or successive application in the district court, he must first obtain authorization from the United States Fifth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). A review of the Fifth Circuit's PACER case index reveals that petitioner has neither applied for nor received such authorization. Until such time as petitioner obtains authorization, this court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir .2000); *Crone v.*

*Cockrell*, 324 F.3d 833, 836 (5th Cir.2003).

*In re Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is appropriate. *Epps* does not mandate the transfer of successive *habeas corpus* petitions to the Fifth Circuit; it does, however, imply that transfer may be appropriate in some cases, and it adopts a procedure to be used when a successive petition filed without prior authorization is transferred to the court of appeals by the district court. *Id.* Transfer of this case is appropriate and authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." Section 2244(b) divests this Court of jurisdiction to consider petitioner's second and successive *habeas* petition until such time as the Court of Appeals authorizes such a filing.

Therefore,

**IT IS RECOMMENDED** that petitioner's second and successive petition for writ of *habeas corpus* be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Monroe , Louisiana, September 10, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE